CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Danville
JUN 2 8 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NELSON LUCK, | CASE NO. 4:04CV00054 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant, | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 24, 2002 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner for the sole purpose of calculating and paying benefits.

In a decision eventually adopted as the final decision of the Commissioner, an

1

Administrative Law Judge ("Law Judge") found that plaintiff was insured for benefits through March 26, 2004. (R. 19.) While he determined that the plaintiff's leg impairment was severe, the Law Judge also determined that it did not meet or medically equal any listed impairment. (R. 17.) He further found that plaintiff was unable to perform his past relevant work, but, by application of the Medical-Vocational Guidelines ("grids") and by reference to some of the testimony of a Vocational Expert (VE), the Law Judge concluded that there were a significant number of jobs in the national economy which were available to plaintiff, and, therefore, that plaintiff was not disabled under the Act. (R. 18.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record or in the reasons the plaintiff advanced on appeal to provide a basis to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (*Id.*) This action ensued.

Plaintiff, by counsel, challenges the decision on the basis that the Law Judge failed to property evaluate the evidence submitted by plaintiff's treating sources, particularly that of the medical expert (ME) who testified at the hearing. Specifically, plaintiff makes note of the fact that both his treating physician and the ME described plaintiff's need to elevate his leg, but when asked if there were jobs in the economy allowing such elevation, the vocational expert (VE) testified that there were no jobs available. (R. 167, 193-194.)

Social Security disability determinations involve a five-step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.920. Affirmative findings at the first, second, and fourth stages of the sequential evaluation process establish a prima facie case of disability which can then be

2

overcome at the fifth stage only by a finding that there are a significant number of jobs available in the national economy which plaintiff could perform. (*Id.*) An affirmative finding at the third stage of the evaluation directs a finding of disabled. (*Id.*) During the sequential evaluation, the Law Judge has the duty to make findings of fact and to resolve conflicts in the evidence. *Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). These findings may be based on both objective and subjective evidence in the record, including but not limited to medical evidence, testimony of the claimant, and opinions of non-treating, non-examining experts. 20 C.F.R. §§ 404.1529, 404.929 (2003); *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The determination made by the Law Judge and adopted by the Secretary as the final decision of the agency will be binding unless unsupported by substantial evidence in the record. *Hayes*, 907 F.2d at 1456. The phrase substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))

In the instant case, plaintiff carried his burden in the sequential evaluation process by demonstrating the presence of a severe impairment which prevented him from performing his past relevant work. 20 C.F.R.§§ 404.1520, 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful employment was available to him during this period, which the Commissioner could discharge in this case only by the presentation of vocational evidence because there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). In that connection, for the testimony of a VE to be relevant, the expert must

3

have considered all the substantial evidence in the record which was material to plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989.) Otherwise, the VE's testimony cannot be considered sufficient to discharge the Commissioner's sequential burden, and the plaintiff would be entitled to an award of benefits based on his unrebutted *prima facie* case.

The undersigned's examination of the record reveals that the Law Judge gave little weight to the hypothetical question posed to the VE which incorporated the need for a person like plaintiff to elevate his leg. This is so because the Law Judge was of the view that the plaintiff's assertion that he "must elevate his leg above his heart more than two hours during the work day is not made on the evidence in this record and is not supported by the treating physician." (R. 17.)

While the Law Judge certainly does have the regulatory right and duty to weigh and balance the evidence, which includes the initial duty to assign weight to the medical evidence from whatever acceptable source, that right is not without limitations. Generally, weight is to be given to the opinion of a treating physician. Here, the Law Judge chose to accept the evidence of non-treating, non-examining DDS review physicians over that submitted from other medical sources, including treating doctors. If the treating physician's opinion is not given controlling weight, then the Law Judge must "give good reasons in [his] notice of determination or decision for the weight" it is given. §404.1527(d)(2). In this case, the Law Judge gave weight to some of the treating physician's opinions to temper the DDS reviewing physician's view of plaintiff's ability and conclude that the plaintiff's actual abilities are more restricted than as assessed. (R. 17, 156-160.) However, the Law Judge did not explain why he gave weight to some of the

subsequent medical information received from the treating physician, but did not credit the recommendation that plaintiff "[c]ontinue keeping his foot elevated as much as possible." (R. 156.)

Although the Law Judge is entitled to consider and even rely upon the DDS assessment, his decision is to be made in light of the entire record, and the record is replete with evidence that plaintiff has a medical need to elevate his leg. As noted, plaintiff's treating physician, Dr. Williams, recommended that plaintiff "continue keeping his foot elevated as much as possible." (R. 156.) The Law Judge even observed in his decision that another treating source "noted that elevation of the leg could help alleviate the swelling." (R. 16.) During the hearing, Plaintiff testified and demonstrated his practice of elevating his leg to waist level when sitting. (R. 194.) The Commissioner's medical expert (ME) also opined that it was appropriate for someone with the plaintiff's condition to elevate his leg "at least at the level of his heart" for "one out of four hours." (R. 187.) Nevertheless, the Law Judge disregarded all of this evidence, and concluded that plaintiff did not need to elevate his leg to the extent that would interfere with his ability to perform sedentary work. (R. 17.)

The undersigned is of the view that the Law Judge exercised an expertise he did not possess and created, out of whole cloth, a functional capacity the medical evidence fails to support. There is nothing mysterious about the opinions of the various doctors who either treated the plaintiff or observed him face-to-face, but, somehow, the Law Judge seems to have justified his determination by suggesting the treating source by observing, "I don't think he [the treating source] really knows." (R. 195.) This justification is not supported by the substantial medical evidence before the Law Judge. Instead, the substantial medical evidence, even that offered by

the Commissioner's ME, demonstrates that plaintiff must elevate his leg for a significant amount of time during the work day. In light of that fact, it was the opinion of the VE that jobs would not be available in the economy to a person with that limitation. (R. 192-194.) The Commissioner failed to discharge her burden in the sequential process.

Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

6/28/05
Date